Argued January 21, reversed and remanded February 5,
petition for rehearing denied March 3, 1970

## STATE OF OREGON, *Respondent, v.* MICHAEL LaVERN SHAFFER, *Appellant.*

464 P2d 840

VAL D. SLOPER, Judge.

*Ken C. Hadley*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Gary D. Gortmaker*, District Attorney, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

The defendant was convicted upon trial by jury of holding a prison officer as a hostage in violation of ORS 163.635(1) which provides:

"A prisoner in the Oregon State Penitentiary * * * who wilfully holds a person as a hostage within such institution shall be punished upon conviction * * *."

On appeal defendant contends that the trial court erred in instructing the jury that:

"Now 'hostage' is defined for you as a correctional officer of the Oregon State Penitentiary who is held against his will by a prisoner by means of force or violence, or by threat of force or violence.

"The 'holding of a hostage' is defined for you as follows: Whenever any inmate of a penitentiary shall hold or participate in holding an officer of such institution by force or violence, or the threat of force or violence, or approach, prevent, or participate in preventing such correctional officer of such penitentiary from carrying out his regular duties, by force or violence, or by threat of force or violence, he is guilty of the crime of holding an officer as a hostage."

In interpreting the statute in question, *State v. Gann*, 254 Or 549, 463 P2d 570 (1969), says:

"* * * [T]he evil legislated against * * * is the forcible holding of prison employees by prison inmates for the purpose of exploiting the captives * * *."

and

"* * * [T]he jury should be instructed to the effect that it cannot convict unless it finds that the captives were held by the inmates for an exploitive purpose by the inmates."

The instruction challenged in the case at hand in effect told the jury that in order to convict under the

statute in question it was not necessary to find that the captive was held by the inmate for an exploitive purpose by the inmate.

Defendant is entitled to a new trial.

Reversed and remanded.